# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ETERNAL INVESTMENTS, L.L.C., | ) |
| Plaintiff, | ) |
| v. | ) No. 05-0521-CV-W-FJG |
| THE CITY OF LEE'S SUMMIT, MISSOURI, | ) |
| Defendant. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion to Strike Certain Paragraphs of Defendant's Answer (Doc. # 17); Defendant's Motion for Leave to File An Amended Answer (Doc. # 22) and Defendant's Motion to Dismiss Plaintiff's Substantive Due Process Claim (Doc. # 33).

## I. BACKGROUND

Plaintiff applied to the City of Lee's Summit to rezone certain property within the city limits of Lee's Summit. The rezoning application was denied and plaintiff filed a four count petition in state court challenging the denial. Defendant subsequently removed the case to federal court.

## II. DISCUSSION

### A. Plaintiff's Motion to Strike Certain Paragraphs of Defendant's Answer

Plaintiff moves to strike certain paragraphs of Defendant's Answer because they argue they are in violation of Fed.R.Civ.P. 8(b). First, plaintiff argues that ¶ 11 of defendant's Answer should be stricken because defendant responded "the document

speaks for itself." Second plaintiff argues that defendant's responses in ¶¶ 3, 17 and 23 of its Answer that require "strict proof" is required is not allowed under Fed.R.Civ.P. 8(b). Finally, plaintiff states that defendant's responses in ¶¶ 2 and 12 of its Answer that deny certain allegations on the basis that they are "legal conclusions" are not allowed under Fed.R.Civ.P. 8(b).

Plaintiff admits that its Motion to Strike is filed out of time. Pursuant to Fed.R.Civ.P. 12(f), since no responsive pleading was permitted to the Answer, this Motion and Suggestions should have been filed within twenty days of the date of service of the Answer. Plaintiff responds that it was awaiting the EAP meeting and did not want to expend scarce judicial resources by filing this Motion prior to that date in the even that the case could be resolved. Thus, plaintiff asks the Court for leave to file the Motion out of time or alternatively asks that the Court strike the paragraphs on its own initiative.

In opposition, defendant states that the phrases which plaintiff complains about are simply terms of art which were included in its responses. Defendant states that it also indicated in each paragraph of its Answer whether the allegations were admitted, denied or whether defendant was without information to admit or deny each allegation.

The Court agrees with defendant that the inclusion of these terms of art did not prevent plaintiff from understanding or comprehending defendant's Answer. Additionally, the Court also denies plaintiff's Motion to Strike as it was filed approximately thirty-four days late. Fed.R.Civ.P. 12(f) indicates that a Motion to Strike against a pleading for which no response is permitted must be made within twenty days after the date of service of the pleading. In this case, plaintiff chose to wait rather than

timely file its Motion. Plaintiff demands that defendant strictly comply with the pleading rules, but then asks the Court to ignore its own violation of the rules. The Court declines to do so. Accordingly, plaintiff's Motion to Strike Certain Paragraphs of Defendant's Answer is hereby **DENIED** (Doc. # 17).

### B. Defendant's Motion for Leave to File An Amended Answer

Defendant seeks leave to Amend its Answer to add an affirmative defense because the property in question has a deed restriction that prohibits the development which is proposed by Plaintiff. Additionally, defendant states that on February 8, 2005, plaintiff was named as a defendant in a lawsuit seeking to enforce the deed restrictions. Plaintiff opposes the Motion to Amend arguing that it would be futile and would not improve the City's position.

Defendant is correct that motions to amend should generally be freely be granted. However, as the Court noted in Petters Co. Inc. v. Stayhealthy, Inc., No. 03-3210 JRT/FLN, 2004 WL 1465830, (D.Minn. June 1, 2004), "[d]espite this liberal standard, leave to amend is improper if the proposed amendment does not state a claim on which relief may be granted." See also Berczyk v. Emerson Tool Co., 291 F.Supp.2d 1004 (D.Minn. 2003)("While leave to amend should be freely given, such leave should not be afforded where the proposed amendments are futile."); DeRoche v. All American Bottling Corp., 38 F.Supp.2d 1102, 1105 (D.Minn. 1998)("Although we begin with a presumption of liberality, an amendment to a pleading can be successfully challenged on grounds of futility if the claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be

3

granted.").

On February 7, 2006, plaintiff filed Supplemental Suggestions in Opposition to Defendant's Motion to Amend Its Answer. In its Supplemental Suggestions, plaintiff states that the restrictive covenant which defendant made reference to was filed in 1977 with the Jackson County Recorder of Deeds Office. In 2003 and 2004, Modifications to the Restrictions were executed, acknowledged and recorded by a majority of the owners of a majority of the tracts at least six months prior to the expiration of the successive period, December 1, 2008. Plaintiff states that these modifications to the restrictions amended the restrictions to allow for the development which plaintiff seeks to accomplish. On January 20, 2006, the state court lawsuit was tried and the trial court entered a judgment which found that the restrictions were not ambiguous. Thus, the Court found that giving the terms their plain, ordinary and popular meaning, the Modifications to the Restrictions were effective upon the recordation of the last modification, which was January 12, 2004. Additionally, plaintiff states that in a post-judgment agreement, the plaintiffs in the state court action agreed not to appeal the Judgment. Additionally, the plaintiffs in the state court action agreed, post-judgment to execute a "Discharge of Restriction by All Record Owners." A copy of this Discharge was executed and recorded. Plaintiff states that this Discharge of Restrictions has the effect of removing the remaining restrictions as of February 6, 2006. Thus, plaintiff states that the bottom line is that the very restrictions which the defendant wished to rely upon for its additional affirmative defense was changed and amended as of January 12, 2004 and any remaining restrictions have now also been discharged.

Defendant did not file a response to plaintiff's Supplemental Suggestions. The

Court agrees and finds that because it appears that the restrictions have now been removed, it would be futile to allow defendant's to amend their Answer.  Accordingly, defendant 's Motion to Amend is hereby **DENIED** (Doc. # 22).

**C. Defendant's Motion to Dismiss Plaintiff's Substantive Due Process Claim**

Defendant states that in Counts I and III, plaintiff has asserted violations of its substantive due process rights.  Defendant moves to dismiss these allegations because it argues that these claims do not allege conduct which was "truly irrational."   Defendant states that in the Eighth Circuit, the standard for a substantive due process claim in a zoning case is well-settled.  In Bituminous Materials, Inc. v. Rice County, 126 F.3d 1068 (8th Cir. 1997), the Court stated:

> In Chesterfield [Dev. Corp. v. City of Chesterfield, 963 F.2d 1102 (8th Cir. 1992)], we took a restrictive view of when land use planning decisions by local government agencies violate an aggrieved party's substantive due process rights.  Drawing on earlier opinions in Lemke v. Cass County, 846 F.2d 469, 471-73 (8th Cir. 1987)(en banc)(Arnold J., concurring) and Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir.) cert denied, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982), we held that to sustain such a claim, plaintiff must prove that the government action in question is 'something more than . . . arbitrary, capricious, or in violation of state law.' 963 F.2d at 1104.

Id. at 1070.  An example of a truly irrational action cited by the court in Chesterfield was "attempting to apply a zoning ordinance only to persons whose names begin with a letter in the first half of the alphabet."  Id. at 1104.

In response, plaintiff argues first that it initially filed in state court and that the petition met all state court pleading requirements.  Additionally, plaintiff argues that the City's actions in refusing to rezone were truly irrational because plaintiff's application complied with the City's land use plan, it was recommended for approval by the

5

defendant's professional staff, it was consistent with adjacent and surrounding land uses, it was consistent with the rezonings that the City had recently approved nearby and it was consistent with the character of the neighborhood. Plaintiff then proceeds to cite to forty-one facts from its petition and eighty-six additional facts which supposedly show that the City's actions were irrational.

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted). The purpose of a 12(b)(6) motion is to determine whether the plaintiff has stated a claim upon which relief may be granted.

The allegations in plaintiff's petition and the eight-six additional facts cited by plaintiff in its Suggestions in Opposition allege simply that the City acted improperly. Plaintiff claims that the City's refusal to rezone was truly irrational because the

6

application was in conformity with the City's land use plan, the City's own professional staff recommended approving the rezoning application and the defendant had already rezoned hundreds of acres of surrounding property. However, as the Court stated in Chesterfield:

> *Every* appeal by a disappointed developer from an adverse ruling by a local . . .planning board necessarily involves some claim that the board exceeded, abused or 'distorted' its legal authority in some manner, often for some allegedly perverse (from the developer's point of view) reason. It is not enough simply to give these state law claims constitutional labels such as "due process" or "equal protection" in order to raise a substantial federal question under section 1983. As has been often stated, '[t]he violation of a state statute does not automatically give rise to a violation of rights secured by the Constitution.' Crocker v. Hakes, 616 F.2d 237, 239 n.2 (5th Cir. 1980)(per curiam).

Id. at 1104. The Court finds that neither the allegations in plaintiff's petition nor all of the various additional facts cited in plaintiff's suggestions in opposition meet the Eighth Circuit's demanding standard for substantive due process claims in zoning and land-use actions. In Shimer v. Shingobee Island Water and Sewer Comm'n, No. Civ. 02-953 (JRT/FLN), 2003 WL 1610788 (D.Minn. Mar 18, 2003), the Court cited two examples of conduct which did *not* meet the Eighth Circuit's standard:

> For example in Queen Anne Courts v. City of Lakeville, 726 F.Supp. 733 (D.Minn. 1989), the court determined that the plaintiff's allegations that the city caved in to neighborhood opposition, ignored its own studies, and had no factual basis for its decision did not rise to the level of egregious and irrational conduct that would state a federal substantive due process claim. 726 F.Supp. at 738. Likewise, in Northpointe Plaza [v. City of Rochester, 465 N.W.2d 686 (Minn. 1991)], the court concluded the city actions were not egregious and irrational and did not state a substantive due process claim, despite the city's reliance on an expert with an obvious conflict of interest, and rejection of the only credible expert studies and recommendations. 465 N.W.2d at 691.

Id. at *6.

7

The allegations in the instant case do not even approach actions which might be classified as "truly irrational." The Court also notes that contrary to plaintiff's assertion that Missouri state court's apply a lesser standard than the federal courts, the Court in Frison v. City of Pagedale, 897 S.W.2d 129, 132 (Mo.App. 1995), also adopted the "truly irrational' standard. Thus, it makes no difference that plaintiff's petition was initially filed in state court and removed to federal court. The standard for asserting a substantive due process claim in land use and zoning cases is the same in either court. Accordingly, because the Court finds that it is clear that no relief can be granted under any set of facts, considering the facts in the light most favorable to the plaintiff, the Court hereby **GRANTS** defendant's Motion to Dismiss plaintiff's Substantive Due Process Claims (Doc. # 33).

### III. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** plaintiff's Motion to Strike Certain Paragraphs of Defendant's Answer (Doc. # 17); **DENIES** Defendant's Motion for Leave to File An Amended Answer (Doc. # 22) and **GRANTS** Defendant's Motion to Dismiss Plaintiff's Substantive Due Process Claim (Doc. # 33).

Date: March 8, 2006                                **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                              Fernando J. Gaitan, Jr.
                                                   United States District Judge