# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ETERNAL INVESTMENTS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-0521-CV-W-FJG |
| | ) |
| THE CITY OF LEE'S SUMMIT, MISSOURI, | ) |
| | ) |
| | ) |
| Defendant. | ) |

# ORDER

On October 18, 2006, the Court requested the parties answer a series of questions relating to the remaining issues in the case. Having reviewed the parties' briefs, the Court now issues the following ruling.

Plaintiff, Eternal Investments L.L.C. ("Eternal") initially filed its four count petition in the Circuit Court of Jackson County, Missouri on April 29, 2005. On June 6, 2005, defendant removed the case to this Court pursuant to 28 U.S.C. § 1331. In the Notice of Removal, defendant noted that in Count II of the Petition, the Plaintiff attempted to set forth a claim under the Equal Protection Clause of the 14th Amendment to the Constitution of the United States of America. (*See* Petition at pp. 34 through 36.) Additionally, in Count III plaintiff sought damages under 42 U.S.C. § 1983 and issues related to procedural due process. On March 8, 2006, the Court dismissed plaintiff's substantive due process claim. On October 10, 2006, the Court granted plaintiff Eternal Investments L.L.C.'s Motion for Summary Judgment on Count I (Declaratory Judgment), granted the City's Motion for Summary Judgment on Count III - (Procedural Due

Process Claim) and denied plaintiff's Motion for Reconsideration of the dismissal of the substantive due process claim. In the October 10, 2006 Order, the Court stated, "[h]aving determined that the plaintiff is entitled to summary judgment on Count I, the Court need not reach the issue of whether the City also violated its equal protection rights."

### A. Count II - Equal Protection Claim

In its brief, the City states it believed this claim was moot because of the Court's previous ruling on the Declaratory Judgment count. The City states that if the Court is inclined to consider this Count, it is entitled to either dismissal or the entry of summary judgment on this Count. The City states it would like an opportunity to rebrief this issue. Eternal states that the Court could sua sponte enter judgment on Count II in Eternal's favor. Alternatively, Eternal also offers to submit a dispositive motion on Count II on an extremely abbreviated schedule.

The Court finds that additional briefing on this issue would be beneficial. Accordingly, Eternal shall file a motion on or before **December 4, 2006.** The City shall file a response on or before **December 11, 2006** and Eternal shall file reply suggestions on or before **December 18, 2006**.

### B. Count IV- Takings Claims

Eternal states that the state law takings claim is ripe for review, but the Fifth Amendment Takings Claim is not ripe and should be dismissed. The City agrees that the federal takings claim is not ripe for consideration, however, the City states that the state law takings claim is also not ripe for consideration. The City argues that the state

2

claim is not ripe because Eternal has not attempted to exhaust the remedies available to it under state law. Eternal argues that the State Law Takings claim is ripe now because by finding for Eternal under Count I, the Court has essentially determined that there was a compensable taking for the last 19 months.

The Court does not agree. In CIS Communications, LLC v. County of Jefferson, 177 S.W.3d 848 (Mo. App. 2005), the Court stated:

> Additionally, we find a recent District Court case instructive. In Owens v. City of St. Louis, No. 4:03 CV 52 RWS, 2005 WL 2033425, at *6 (E.D.Mo. Aug. 18, 2005), the plaintiffs brought a procedural due process claim, a Fifth Amendment taking claim and a state inverse condemnation claim. The District Court granted summary judgment on the procedural due process claim, dismissed the Fifth Amendment taking claim as not ripe for federal adjudication, and dismissed the state inverse condemnation claim because "the law requires that this claim must be exhausted *in state court*." In dismissing the state inverse condemnation claim, the District Court did not base its decision on whether or not it could hear the issue under its supplemental jurisdiction. Rather, the District Court dismissed the state inverse condemnation claim because the claim "must be exhausted in state court."

Id. at 851(emphasis added). It should be noted that Missouri provides an adequate procedure for seeking just compensation - an inverse condemnation claim. Id. at 850. After reviewing the cases cited by the defendant, the Court finds that plaintiffs' state and federal takings claims are not ripe. Accordingly, the Court hereby **DISMISSES** Count IV - Temporary Regulatory Taking Without Just Compensation.

**C. Damages**

Eternal states that for the purposes of this brief only and in an effort to save judicial resources, it submits that the proper measure of damages to apply in this matter for regulatory taking is the measure of damages the City submitted in a previous

3

pleading. The City agrees with the plaintiff's proposed methodology with regard to the measure of damages, however, the City states that it takes issue with the plaintiff's assertions and calculations under the methodology. The City states that plaintiff's recovery should be pro-rated to one third plus one thousand dollars for the earnest money which it paid. Additionally, the City states that it also opposes the plaintiff's expert, Dr. Otis Miller. The City states that Dr. Miller amended his opinion to conform to the proper measure of damages out of time and only after the City filed its Motion for Summary Judgment. If the Court determines that Dr. Miller is allowed to testify, the City suggests that it be allowed to depose Dr. Miller and designate its own expert with regard to the issue of damages.

The Court finds that the issue of damages would benefit from additional factual development. The parties shall confer regarding whether depositions of expert witnesses are necessary and if so, shall submit to the Court a schedule to designate and depose these witnesses. After the parties have done so, the Court will schedule a hearing on the issue of damages. Therefore, the Court hereby **DENIES** the City's Motion to Strike the Affidavit of Otis Miller (Doc. # 61), the Motion to Strike the Supplemental Declaration (Doc. # 84), the City's Motion for Partial Summary Judgment to Limit Plaintiff's Claim of Damages (Doc. # 94) and the City's Motion to Strike Plaintiff's Expert Witness for Lack of Relevance (Doc. # 96).

**D. Other Motions**

In light of the Court's earlier rulings, the Court also **DENIES** plaintiff's Motion in Limine Regarding Testimony in Opposition to Eternal's Application by Certain Witnesses

(Doc. # 131); plaintiff's Motion in Limine to Prevent Any Testimony or Evidence by the City of Lee's Summit with Regard to the Feasibility of Residential Development of the Subject Property Under the Agricultural Zoning District (Doc. # 146) and the City's Motion in Limine (Doc. # 151).  The City's Motion for Leave to File a Surreply is hereby **GRANTED** (Doc. # 181). The City shall file its Surreply within five days of the date of this Order.


Date:  November 27, 2006            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri              Fernando J. Gaitan, Jr.
                                                      United States District Judge