# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ETERNAL INVESTMENTS, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-0521-CV-W-FJG |
| | ) |
| THE CITY OF LEE'S SUMMIT, MISSOURI, | ) |
| | ) |
| | ) |
| Defendant. | ) |

# ORDER

Currently pending before the Court is defendant's Motion for a Certificate of Appealability on Count I (Doc. # 192) and the parties' Status Reports regarding the Issue of Damages.

**I. Damages**

On November 27, 2006, the Court requested that the parties confer regarding whether depositions of expert witnesses were necessary and if so the parties were to submit to the Court a schedule to designate and depose these witnesses. On March 1, 2007, the Court requested that the parties provide an update regarding the issue of damages. Eternal states that it contacted counsel for the City to inquire whether the City intended to depose plaintiff's expert witness. Counsel for the City responded that the City planned to identify experts and take the deposition of plaintiff's expert. Eternal's counsel responded by asking for deposition dates and also indicating that the deadline for the City to designate any expert witnesses had already expired. Eternal states that despite having asked for deposition dates, the City never proposed any

dates and never noticed up the deposition of its expert. Additionally, Eternal states that now, seventy-six days later, the City has still made no effort to schedule and take the deposition of its expert. Eternal states that at no time prior to the originally scheduled trial date in October 2006, nor since the Court's invitation for the parties to confer regarding depositions, has the City ever indicated its desire to depose plaintiff's expert witness. Eternal states that the City should not be allowed at this late date to depose plaintiff's expert witness. Eternal states that it did not conduct any depositions because the City did not designate any expert witnesses on the issue of damages.

The City states in its Status Report that no additional work has been performed by either party related to the damages in this case. The City states that Eternal has refiled the regulatory takings claim in the Circuit Court of Jackson County and that the judge in that case has ordered the parties to engage in mediation. Assuming that the mediation is unsuccessful, the City states that it would like to take the deposition of plaintiff's experts and to identify a real estate appraiser and an economist of its own.

Regardless of what is transpiring in the state court case, that action relates only to the regulatory takings claim. The City has offered no reason or justification as to why the Court should allow it to either designate an expert witness or depose the plaintiff's expert witness at this late date. The Court also notes that neither party has requested that this Court stay these proceedings pending the outcome of the state court ordered mediation. Accordingly, the Court finds that there is no reason to delay the conclusion of this case and will therefore conduct a hearing on the issue of damages in this action on **May 9, 2007** at **9:30 a.m.** On or before **May 2, 2007**, the parties shall file witnesses and exhibit lists with the Court.

2

## II. Motion for Rule 54(b) Certification

The City moves the Court to certify its October 10, 2006 Order on plaintiff's declaratory judgment claim as a final judgment pursuant to Fed.R.Civ.P. 54(b) so the City can seek appellate review.

Fed.R.Civ.P. 54(b) states in part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In Savage v. Wyeth, No. 4:03CV0533 RWS, 2006 WL 1704419 (E.D.Mo. June 16, 2006), the Court stated:

> When deciding whether there is any 'just reason for delay' under 54(b), a district court must take into account judicial administrative interests as well as the equities involved. . . . The decision is left to the sound judicial discretion of the district court. . . . However, the court should be mindful of the historic federal policy against piecemeal appeals. . . . Factors that are relevant in considering whether to certify a judgment as final under 54(b) include: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like. . . . Additionally, to grant relief, there should be some danger of hardship or injustice through delay which would be alleviated by immediate appeal. . . . A Rule 54(b) determination should not be made routinely; it is only the special case that warrants an immediate appeal from a partial resolution of the lawsuit.

Id. at * 2 (internal citations and quotations omitted).

In the instant case, defendant states that the Court's October 10, 2006 Order

should be certified as a final judgment because: 1) the state law declaratory judgment claim was the only claim not seeking monetary damages, and thus it is severable from the remaining claims and 2) in light of the Court's order the City has been forced to re-evaluate its standards and practices regarding zoning and any delay or uncertainty regarding the standards that the City is to use puts a burden on the City, its taxpayers and potential landowners.

The Court disagrees and finds that the City has not shown that it will suffer any hardship or injustice if the October 10, 2006 Order is not immediately certified. Almost five months passed before the City even filed its Motion for Certification. The Court has now disposed of the final claim and the only issue which remains is the issue of damages. As discussed above, because the Court has determined that the City may not depose plaintiff's expert witness, a damages hearing has now been scheduled. Once the Court has ruled on damages, the case will be concluded and the parties will be free to file any appeals they feel necessary. Accordingly, the Court finds that this is not the 'special case' where an immediate appeal is warranted. Therefore, the Court hereby **DENIES** the City's Motion for Rule 54(b) Certification of the October 10, 2006 Order on Plaintiff's Declaratory Judgment Claim (Doc. # 192).

Date: 4/23/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge